■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARIO LIBERTA, Respondent. — Order unanimously reversed, motion denied and matter remitted to Supreme Court, Erie County, for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing the first count of the indictment charging the defendant with forcible rape of his wife. At the time of the alleged rape the defendant and his wife were living apart after a "Temporary Order of Protection" had been granted by Family Court requiring the defendant to move out of the marital home and to stay away from the home and from his wife. Prior to 1978, because of the definition of the word "female" in the statute defining sex offenses, it was impossible for a husband to commit the crime of rape upon his wife. In 1978 the statutory definition of "female" was amended to provide that (Penal Law, § 130.00, subd 4): " 'Female' means any female person who is not married to the actor. For the purposes of this article 'not married' means * * * (b) the existence of the relationship of husband and wife * * * and the female and actor are living apart at such time pursuant to a valid and effective: (i) order issued by a court of competent jurisdiction which by its terms or in its effect requires such living apart, or (ii) decree or judgment of separation, or (iii) written agreement of separation". The court, in dismissing the indictment, held that the order of protection issued by

Family Court against the husband was not an order within the contemplation of the Legislature when it enacted the amendment. It was not an order " 'requiring living apart' " the court reasoned, since it imposed that obligation only upon the husband. We disagree. The legislative history of chapter 735 of the Laws of 1978, which added the new definition of "female" to article 130 of the Penal Law, indicates that the Legislature meant to include an order of protection within the language "order * * * which by its terms or in its effect requires such living apart," even though the order is directed only against the husband. The first version of the bill introduced in the State Senate (S 7666) contained the language "living separate and apart from the actor and there exists either an order of protection pursuant to the family court act by which the actor is ordered to stay away from the female or refrain from offensive conduct against the female or an order of supreme court pursuant to section two hundred thirty-four of the domestic relations law directing that the female shall have exclusive occupancy of a residence." The original bill did not mention an order of protection issued by Supreme Court (see Domestic Relations Law, § 252). The bill as finally adopted expanded the scope of the original bill by making the definition apply not only to an order of protection issued by the Family Court, but to an order issued by any court which order by its terms or in its effect requires such living apart. The legislative memorandum submitted by the sponsor with the original bill explained its purpose: "The proposed amendment would grant a female who has been separated from the actor by court order, separation decree or recordable separation agreement the same rights now given to a female unmarried to the actor * * * In each of the alternatives set forth in this bill, there must be documentary evidence of a settled and mutual intention to dissolve the marital relationship, *or a court determination that spouses should, for the well-being of one or both, live apart.*" (NY Legis Ann, 1978, pp 403-404, emphasis added.) This italicized phrase describes an order of protection which was one of the alternatives expressly mentioned in the original bill. No new legislative memorandum was drafted when the language of the bill was changed and the original memorandum was submitted with the bill that was finally enacted (see NY Legis Ann, 1978, pp 403-404). Not only does the legislative history of the legislation support the conclusion that the Legislature intended to extend the protection of the rape statute to a wife who is living apart pursuant to a Family Court order of protection, but the language of the statute itself leads to the same conclusion. The statute (Penal Law, § 130.00, subd 4, par [b]) expressly provides in clause (ii) for instances where the parties are living separate and apart pursuant to a decree or judgment of separation. Clause (i) must, then, apply to an order of protection, since it is the only other type of order which obviously, "by its terms or in its effect" requires living apart. An order granting a spouse exclusive occupancy of the marital residence might also be such an order, but there is no logical reason why an order for exclusive occupancy should come within the intendment of the statute and an order of protection should not. Both are, in the words of the legislative memorandum, issued for "the well-being of one" of the spouses. Accordingly, the order dismissing the first count of the indictment should be reversed and the matter remitted to Erie County Supreme Court for further proceedings on the indictment. (Appeal from order of Supreme Court, Erie County, Armer, J. — dismiss indictment.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.