■ ROBERT H. CLINE, Appellant, v AVERY ABRASIVES, INC., et al., Defendants, and HARTFORD ACCIDENT & INDEMNITY Co., Respondent. (And a Third-Party Action.) — Order unanimously affirmed, with costs, for the reasons stated in the opinion of Justice Reid S. Moule in *Matter of James v State of New York* (90 AD2d 342, affd 60 NY2d 737). (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Denman, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO LIBERTA, Appellant. — Judgment unanimously affirmed. Memorandum: The defendant appeals from a judgment of conviction of rape in the first degree and sodomy in the first degree committed against his wife. At the time of rape and sodomy, the defendant and wife were living apart after a "Temporary Order of Protection" had been granted by Family Court. This court has previously determined that the wife falls under the category of "female" in the statute defining sex offenses (Penal Law, § 130.00, subd 4, as amd L 1978, ch 735; *People v Liberta,* 90 AD2d 681). Although the statute is gender based, the lower courts in this State have consistently held that the statute withstands the constitutional challenge (*People v Smith,* 97 Misc 2d 115; *People v Fauntleroy,* 94 Misc 2d 606, revd on other grounds 74 AD2d 612; *People v Reilly,* 85 Misc 2d 702). " 'To withstand scrutiny' under the Equal Protection Clause, ' "classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives" ' " (*Orr v Orr,* 440 US 268, 279, citing *Craig v Boren,* 429 US 190, 197). The classification is rationally related to a legitimate State objective (see *People v Whidden,* 51 NY2d 457). Nor is the statute unconstitutional by reason of the marital classification, as long as there is a rational basis for different treatment accorded married and unmarried persons (*Eisenstadt v Baird,* 405 US 438). We have examined the other arguments of the defendant and find them without merit. (Appeal from judgment of Supreme Court, Erie County, McGowan, J. — rape, first degree, and sodomy, first degree.) Present — Doerr, J. P., Boomer, O'Donnell and Schnepp, JJ.