**Mario R. LIBERTA, Petitioner,**

v.

**Walter R. KELLY, Superintendent, Attica Correctional Facility, Respondent.**

**No. CIV–85–830C.**

United States District Court, W.D. New York.

April 21, 1987.

176 F.2d 145, 150 (2d Cir.1949); *National Patent,* 616 F.Supp. at 118.

State University of New York at Buffalo, Faculty of Law and Jurisprudence (R. Nils Olsen, of counsel), Buffalo, N.Y., for petitioner.

Richard J. Arcara, Dist. Atty. of Erie County (John J. DeFranks, Jo W. Faber, Asst. Dist. Attys., of counsel), Buffalo, N.Y., for respondent.

Elizabeth Holtzman, Dist. Atty. of Kings County (Peter A. Weinstein, First Deputy Bureau Chief, Appeals Bureau, of counsel), Brooklyn, N.Y., amicus curiae.

CURTIN, Chief Judge.

The petitioner was convicted of forcible sodomy and rape of his estranged wife, Denise Liberta, in the presence of their two-year-old son while they were living apart under a "Temporary Order of Protection." [1] On appeal, this conviction was affirmed by both the Appellate Division, Fourth Department, *People v. Liberta,* 100 A.D.2d 741, 473 N.Y.S.2d 636 (4th Dept. 1984), and the New York Court of Appeals, *People v. Liberta,* 64 N.Y.2d 152, 485 N.Y. S.2d 207, 474 N.E.2d 567 (1984).

In its opinion, the New York Court of Appeals determined that a marital exemption under the rape and sodomy laws constitutes an unconstitutional violation of the Equal Protection Clauses of the United

States Constitution. It therefore struck the exemption from sections 130.35 and 130.50 of the New York Penal Law. The court further held that section 130.35 of the Penal Law violated equal protection because it exempted females from criminal liability for forcible rape, and as a result, the gender exemption was also struck from that section of the statute. Notwithstanding the above, the New York Court of Appeals affirmed the petitioner's conviction based on the reasoning that petitioner was not similarly situated to those persons who were not within the scope of the statutes as they existed prior to the court's decision. *See supra,* footnote 1.

Following this decision, petitioner applied for a writ of certiorari to the United States Supreme Court, which was ultimately denied. *Liberta v. New York,* 471 U.S. 1020, 105 S.Ct. 2029, 85 L.Ed.2d 310 (1985). Petitioner then filed an application for a writ of habeas corpus with this court (Item 1).

Petitioner's current petition makes essentially three claims. He says that 1) the forcible rape and sodomy statutes, as written and under which he was indicted and convicted, violate equal protection; 2) the New York Court of Appeals applied two new judicially created statutes against petitioner *ex post facto* when it affirmed his conviction and, therefore, violated his due process and equal protection rights; and 3) the prosecutor did not prove its case beyond a reasonable doubt at trial and, therefore, denied petitioner due process. Each of these arguments will be addressed separately below.

*The Equal Protection Issue*

■ In challenging the constitutionality of his conviction, petitioner asserts that the statutes as written were unconstitutional and violated his right to equal protection. I disagree and find that the statute, as it was applied to petitioner, was not unconsti-

---

1. In a decision entitled *People v. Liberta,* 90 A.D.2d 681, 455 N.Y.S.2d 882 (4th Dept.1982), the New York State Appellate Division, Fourth Department, said that because of this "Temporary Order of Protection," petitioner and his estranged wife were "not married" for purposes of the criminal statutes at the time of the acts

involved here. *See* section 130.00, subd. 4(b)(i)–(iii) as amended in 1978). As a result, it was found that petitioner did not come within the ambit of the so-called "marital exemption" of section 130.00, subd. 4. *Accord, People v. Liberta,* 64 N.Y.2d at 161, 485 N.Y.S.2d at 211, 474 N.E.2d at 571.

tutional and did not violate his equal protection rights. Those portions of the statutes that were determined by the New York Court of Appeals to be unconstitutional and consequently were stricken did not affect this petitioner in any way. Because the court determined that the applicable statutes were unconstitutionally underinclusive, it eliminated the marital and sex-based exemptions and retained the remaining constitutional portions. In declining the grant of certiorari, the Supreme Court impliedly recognized the right of the state court to enlarge the class of persons subject to criminal penalty as a remedy of a statute's unconstitutional underinclusiveness. It is clear that the petitioner himself was not directly affected by this expansion and, therefore, it cannot now be said that his rights were violated as a result. The New York Court of Appeals affirmed the petitioner's conviction below based upon this reasoning. *People v. Liberta,* 64 N.Y.2d at 171–73, 485 N.Y.S.2d at 218–20, 474 N.E.2d at 578–79.

*The Ex Post Facto Issue*

■ This issue is closely related to petitioner's first claim. I find that it cannot be said that there was an *ex post facto* application of law to petitioner below because the acts committed by him were not criminalized for the first time by the New York Court of Appeals' 1984 decision but were proscribed when he committed them and remained criminal thereafter. As such, I find that petitioner had fair notice at the time of his conduct that it was criminal and, therefore, find that he suffered no violation of his due process rights. Further, I find that plaintiff's equal protection rights were not violated because, as was stated above, he was not similarly situated to those persons who were not within the scope of the statutes as they existed prior to the Court of Appeals' decision.

*Proof of Conviction Issue*

Finally, petitioner argues that proof of forcible compulsion, as well as evidence supporting a finding that he and the victim were living apart was inadequate for a conviction.

■ I find the testimony presented at trial was ample to prove forcible compulsion. At the time of petitioner's arrest, "forcible compulsion" was statutorily defined, under section 130.00(8) of the New York Penal Law, as follows:

"Forcible compulsion" means physical force or a threat ... which ... places a person in fear of immediate death or serious physical injury to himself, herself or another person ....

Denise Liberta testified at trial that the petitioner threatened at least twice during his attack to kill her and/or their young son. I also find that the jury could reasonably conclude, based upon the testimony of petitioner himself, that he was capable of causing physical injury to Denise Liberta and their son, and that Denise Liberta could have been placed in fear of such injury by the actions of petitioner on the day in question. Item 17, pp. 28–30.

■ With respect to the finding of the jury that the petitioner and his wife were living apart "pursuant to a valid and effective" order of protection, the record indicates that petitioner not only admitted that he was not living with his wife at the time of the crime, but that he also stated that his leaving the house was related to the court order. Moreover, this court notes that section 130.00(4)(b)(i) of the New York Penal Law is written in the disjunctive, requiring that the order at issue necessitate living apart either by its terms or its effect. As such, I believe the statutory element is clearly satisfied by the language of the order itself, which explicitly requires the petitioner to stay away from "the house, the other spouse or the child" on the day of the events at issue. *Id.* at 30–32.

In light of the foregoing, I find that evidence of both forcible compulsion and the effect of the court order was sufficient to sustain petitioner's conviction below.

In summary, the present petition for a writ of habeas corpus is denied in all respects. The certificate of probable cause is granted. If petitioner wishes to file a notice of appeal, he must do so within 30 days

of the entry of the judgment by filing such notice with the Clerk of the United States District Court, United States Court House, Buffalo, New York 14202. The $5.00 filing fee is waived.

Permission to appeal in forma pauperis is denied. Further requests for permission to appeal in forma pauperis should be directed, on motion, to the United States Court of Appeals for the Second Circuit, United States Court House, Foley Square, New York, New York 10007, in accordance with Rule 24(a) of the Federal Rules of Appellate Procedure.

So ordered.