OPINION OF THE COURT
L. Priscilla Hall, J.
The defendant is charged with attempted sexual misconduct, sexual misconduct and sexual abuse in the third degree in violation of sections 110.00/130.20, 130.20 and 130.55 of the Penal Law.
*51 He has made this motion to have the accusatory instrument dismissed alleging that it is jurisdictionally defective. The defendant contends that pursuant to CPL 130.00 (2) and (4) the crimes charged require the People to prove that the parties are not married to each other. Since they are in fact legally married and were living together in their marital abode at the time of the alleged conduct, the defendant feels he is immune from this prosecution.
The factual portion of the accusatory instrument evidences a forcible sexual attack on the complainant by her husband, the defendant, which resulted in sexual intercourse and attempted sodomy. Although it would appear that the People could have chosen to prosecute for forcible rape their decision to proceed on the misdemeanor charges is entirely within their discretion (People v Eboli, 34 NY2d 281).
In People v Liberta (64 NY2d 152), the Court of Appeals eliminated this so-called “marital exception” for the crimes of rape in the first degree and sodomy in the first degree. (See also, People v De Stefano, 121 Misc 2d 113.) While the New York State Legislature has not yet amended the statutes to reflect the current state of the law, the Federal courts have upheld its constitutionality (Liberta v Kelly, 839 F2d 77, affg 657 F Supp 1260). The defendant acknowledges Liberia’s effect on the rape and sodomy statutes but argues that its scope is limited thereto.
The Court of Appeals was concerned with extending the protection of the criminal statutes before it to any person who might become the victim of a forcible sexual attack (People v Liberta, supra, at 172).
The crimes charged herein required proof that the acts complained of were committed without the consent of the victim. This court finds that the Liberta protections extend to all sexual offenses in which a victim’s lack of consent is the result of forcible compulsion (Penal Law § 130.00 [8]; § 130.05 [2] [a]).
The defendant’s contention that his right to immunity as a husband supersedes his wife’s right to equal protection under the law is contrary to both contemporary views on basic human rights and the current case law of this State.
The defendant’s motion to dismiss is denied in its entirety.