■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HORVATH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered January 8, 1991, convicting him of sexual abuse in the first degree (two counts), attempted sexual abuse in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is

remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that he was unlawfully prosecuted for sexual abuse in the first degree and attempted sexual abuse in the first degree since he was married to the victim. However, the marital exemption claimed by the defendant was abolished by the Court of Appeals in *People v Liberta* (64 NY2d 152, *cert denied* 471 US 1020). In declaring that the marital exemption violates the equal protection rights of married women, the Court of Appeals found that "[t]he various rationales which have been asserted in defense of the exemption are either based upon archaic notions about the consent and property rights incident to marriage or are simply unable to withstand even the slightest scrutiny" *(People v Liberta, supra,* at 163). Although *Liberta* involved rape in the first degree and sodomy in the first degree, its reasoning is equally applicable to the offenses at issue here. Sexual abuse by forcible compulsion constitutes a "violent [sexual] assault" *(People v Liberta, supra,* at 165) and therefore, like forcible rape or sodomy, is a criminal act regardless of the relationship between the actor and the victim *(see, People v Prudent,* 143 Misc 2d 50; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 130, at 568).

The defendant further contends that the victim's testimony, upon which this case turned, was not worthy of belief. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions for the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.