[609 NYS2d 954]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE R. NAYLOR, Appellant.

Third Department, April 7, 1994

### APPEARANCES OF COUNSEL

*Michael P. Graven,* Owego, for appellant.

*Robert J. Simpson, District Attorney* of Tioga County, Owego, for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

Defendant's indictment stems from an incident in which he broke into his estranged wife's apartment, while she was sleeping, and proceeded to fondle her breasts and genitals. On appeal, defendant contends that his conviction for sexual abuse in the third degree was improper because the victim and defendant were married and not legally separated at the time of the occurrence *(see,* Penal Law § 130.00 [4]). Inasmuch as defendant was convicted of sexual abuse in the third degree, for which forcible compulsion need not be proven *(see,* Penal Law § 130.05 [1], [2] [c]; § 130.55)—notably, here, the jury was specifically instructed, at the People's request, that if the victim had "not expressly or impliedly acquiesc[ed] in the defendant's conduct", a guilty verdict could be returned—it is necessary to determine whether the "marital exemption" for sex crimes applies. That exemption has already been declared unconstitutional when offenses in which forcible compulsion (e.g., rape, sodomy) is an element are implicated *(see, People v Liberta,* 64 NY2d 152, 163-167, *cert denied* 471 US 1020;

*People v Horvath,* 183 AD2d 915, 916, *lv denied* 80 NY2d 832).
At issue is whether the marital exemption is also inapplicable
to a crime which does not have force as a predicate, but is
based upon lack of consent alone. We find that it is inapplica-
ble, at least under the circumstances herein.

The Court of Appeals anchored its holding in *People v
Liberta (supra,* at 164) on, *inter alia,* a finding that it was
"irrational and absurd" to imply consent to a violent, degrad-
ing act such as forcible rape; likewise, where, as here, the
parties have taken up separate residences, have both become
involved in new intimate relationships, and have taken steps
toward dissolving their marriage,* it is unreasonable if not
fatuous to assume that the existence of what in reality is a
wholly fictive marriage relationship furnishes a sufficient basis
from which consent to unsolicited sexual touching may be
implied. As the Court of Appeals noted in *Liberta,* "[a] mar-
ried woman has the same right to control her own body as
does an unmarried woman" *(supra,* at 164). Given the analysis
and direction of the *Liberta* decision, recognizing that any
person, married or not, has the right to refuse forcibly com-
pelled sexual intercourse, logical interpretation of that right
necessarily encompasses an estranged partner's right to be
free from unwanted sexual touching, for the concerns which
motivated the Court of Appeals to strike down the marital
exemption in rape cases *(see, supra,* at 164-167) are equally
present in such circumstances. There being no rational basis
for exempting from criminal liability acts which would other-
wise constitute sexual abuse in the third degree, solely on the
grounds that the perpetrator and victim are technically le-
gally married, defendant's conviction was not improper.

■ Notwithstanding defendant's contrary view, we do not
find County Court's *Sandoval* ruling, that defendant's prior
convictions for grand larceny, burglary and rape could be used
to impeach his testimony should he choose to take the stand,
erroneous. Neither the fact that the convictions for burglary
and rape involved similar crimes to those charged herein, nor
the fact that those convictions were over 10 years old—one
was in 1977, the other in 1980—compels a different result *(see,
People v Foster,* 156 AD2d 252, 252-253, *lv denied* 75 NY2d
868; *People v Weeks,* 126 AD2d 857, 860; *People v Scott,* 118

---

* Testimony established that they had been living apart for several years
and had previously attempted to obtain a divorce, but were unable to do so
because of lack of funds.

AD2d 881, *lv denied* 67 NY2d 1056). Defendant's prior convictions demonstrated a willingness to place his own interests ahead of those of society *(see, People v Bennette,* 56 NY2d 142, 148), and defendant did not establish that undue prejudice would result if they were disclosed *(see, People v Sandoval,* 34 NY2d 371, 378).

Lastly, we are of the view that the victim's testimony of prior physical abuse by defendant was probative of her state of mind, and thus was relevant to the issue of consent *(cf., People v Velasquez,* 141 AD2d 882, 883, *lv denied* 72 NY2d 926; *People v Barlow,* 88 AD2d 668, 669). Furthermore, it also provided an explanation for her failure to immediately report the incident to the police, a matter raised by the defense in an attempt to undermine her credibility.

MIKOLL, J. P., CREW III, WHITE and PETERS, JJ., concur.

Ordered that the judgment is affirmed.