OPINION OF THE COURT
John M. Leventhal, J.
The issue in these two unrelated cases is whether the “marital exception” element to sexual abuse in the third degree under *979 Penal Law § 130.55 is constitutional. Defendants Alexis and Lopez, in two separate motions, move for an inspection of the grand jury minutes and for a dismissal of each indictment or a reduction of the charges on the ground of legal insufficiency of the evidence adduced before the respective grand juries. For the reasons that follow, the court holds that the marital exception is unconstitutional and, therefore, both defendants’ motions to dismiss are denied. Defendant Lopez offers an additional argument that the grand jury’s decision was repugnant. The court has addressed this matter in a separate written decision.
Facts
In People v Alexis, the grand jury was presented with evidence that defendant committed a series of offenses against complainant A.B., defendant’s wife. Ms. B. testified that, on June 1, 2006, defendant forced her to have sexual intercourse with him. Defendant was subsequently indicted for sexual abuse in the first[1] and third[2] degrees, among other charges. A common element of both of these offenses is that defendant subject another to “sexual contact.” “Sexual contact” is defined as “any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party” (Penal Law § 130.00 [3] [emphasis added]). However, in instructing the grand jury on this element, the Assistant District Attorney omitted the language regarding marriage. Complainant testified that at the time of the alleged incident, she and defendant were married and living together.
In People v Lopez, the grand jury heard testimony that, on July 16, 2006, defendant committed a series of acts against complainant C.D., defendant’s wife. The grand jury was instructed to consider charges of sexual abuse in the first and third degrees and rape in the first and third degrees, among other charges. In instructing the grand jury on the sexual abuse charges, the Assistant District Attorney did not proffer a definition of “sexual contact,” thereby omitting any reference to the element that the parties must not be married to each other. Complainant testified that at the time of the incident, she and defendant were married, although there was a full order of *980 protection in effect restraining defendant from contacting complainant.[3] Defendant was subsequently indicted on all charges except rape in the first and third degrees.
Discussion
In 1984, the Court of Appeals held that there was no rational basis for distinguishing between marital rape and nonmarital rape, and therefore declared unconstitutional the marital exception for rape in the first degree and sodomy in the first degree (People v Liberta, 64 NY2d 152, 163 [1984]). In 1992, the Appellate Division for the Second Department extended the Court of Appeals’ holding to sexual abuse in the first degree (People v Horvath, 183 AD2d 915 [1992]). The Court reasoned that sexual abuse in the first degree, like first degree rape, involves the element of forcible compulsion and therefore is a criminal act regardless of the relationship between the actor and the victim (id. at 916).
Despite these declarations of unconstitutionality, no court has yet extended this reasoning to declare the marital exception to sexual abuse in the third degree facially unconstitutional.[4] The only possible rationale for the continued constitutionality of the marital exception for sexual abuse in the third degree is that a person has an absolute right to conjugal relations with his or her spouse based on an assumption that consent to such relations is implicit in marriage. At one time, the law may have *981 supported this rationale, however abhorrent.[5] Indeed, there is a documented history of defendants invoking the marital relationship, and the implicit conjugal rights purportedly included therein, as a sword with which to commit crimes such as burglary and arson.[6] Over time, however, there has been an erosion of support for this concept and it is now well established that spouses have no right to commit crimes in the name of conjugal visits or familial relations. Such an argument should never again be countenanced in an enlightened society.
Conclusion
The court notes that courts of original jurisdiction should ordinarily refrain from determining the constitutionality of statutes (Comiskey v Arlen, 55 AD2d 304, 307 [1976], affd 43 NY2d 696 [1977]). However, such determinations are permissible if the conclusion is inescapable and the invalidity of the act is apparent on its face (id.; City of New York v State of New York, 168 Misc 2d 750, 754-755 [1995]). Given the established case law finding similar statutes unconstitutional and the policy reasons discussed above, this court holds the marital exception to Penal Law § 130.55 to be unconstitutional.[7]
Similarly, the reliance of defendant Lopez on People v Peraza (288 AD2d 689 [2001]), for the proposition that the People’s failure to instruct the grand jury on the marital exception requires dismissal of the count is misplaced. The offense at issue in Peraza was rape in the third degree under Penal Law § 130.25 (2), which is an offense of absolute liability based on the tender age of the victim rather than lack of real consent. In that case, the complainant and the defendant were not married. The existence of a valid marital relationship between the parties would, in that instance, be a relevant and valid defense (see, Penal Law § 130.10 [4]). This is distinguishable from the issue presently before the court.
*982 The court has read the grand jury minutes and finds the evidence adduced before each grand jury to be legally sufficient to establish the finding of each and every count of both indictments. The court finds no violation of CPL 210.35 in the presentation to the grand juries. Any error found by the court did not impair the integrity of the grand jury proceedings to the possible prejudice of the defendants.
The Assistant District Attorneys correctly charged the grand juries with respect to the applicable law.
Accordingly, the defendants’ motions to dismiss each count of the indictments are denied.

. “A person is guilty of sexual abuse in the first degree when he or she subjects another person to sexual contact: 1. By forcible compulsion” (Penal Law § 130.65 [1]).

. “A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter’s consent” (Penal Law § 130.55).

. Formerly, Penal Law § 130.00 (4) deemed parties “not married” if they were living apart at the time of the incident pursuant to a court order, a decree or judgment of separation, or a written agreement of separation (see L 2003, ch 264, § 12 [rewriting subdivision (4) of Penal Law § 130.00]). However, the statute was amended in 2003 to omit this exception and to define “married” as “the existence of the relationship between the actor and the victim as spouses which is recognized by law at the time the actor commits an offense proscribed by this article against the victim” (Penal Law § 130.00 [4]). Therefore, the existence of an order of protection between defendant Lopez and complainant is irrelevant to this analysis.

. In People v Naylor (196 AD2d 320 [1994]), the Third Department held that the marital exception did not apply to sexual abuse in the third degree. However, its ruling was limited to the circumstances before it, namely, that defendant and complainant, though still married, had been living apart for several years and were both involved in new relationships. Based on these facts the Court reasoned, “it is unreasonable if not fatuous to assume that the existence of what in reality is a wholly Active marriage relationship furnishes sufficient basis from which consent to unsolicited sexual touching may be implied” (id. at 322).

. See, e.g., People v Meli, 193 NYS 365, 366 (1922).

. See Leventhal, Spousal Rights or Spousal Crimes: Where and When are the Lines to be Drawn?, 2006 Utah L Rev 351; Keenan, The End of an Era: A Review of the Changing Law of Spousal Burglary, 39 Duq L Rev 567 (spring 2001).

. Executive Law § 71 (1) requires that whenever the constitutionality of a statute is brought into question in a criminal or civil proceeding, the court shall order the party challenging the statute to serve notice of the challenge upon the Attorney General and permit the Attorney General to appear in the action. The court ordered the People to provide such notice to the Attorney General and the Attorney General did not intervene.