■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX RAYMOND, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered February 5, 1991, convicting him of criminal in possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In this case a police officer observed, through an apartment door opened in response to the officer's knock, the defendant in possession of a clear plastic bag containing vials of cocaine and running towards the rear of the apartment. The defendant claims that the subsequent police entry into the apartment was unlawful and effected in violation of his constitu-

tional right to be free from unreasonable searches and seizures *(see,* US Const 4th Amend; NY Const, art I, § 12). However, the defendant's claim has not been preserved for appellate review because he failed to request a suppression hearing in the court of the first instance *(see,* CPL 470.05 [2]; *People v Martin,* 50 NY2d 1029; *People v Carolina,* 112 AD2d 244). In any event, based upon the record established at trial, we find that the police action was justified by operation of the plain view doctrine since the officer had lawfully obtained the vantage point from which he observed the defendant, in plain view, possessing and attempting to hide or destroy the contraband *(see, Horton v California,* 496 US 128, 136-137). In addition, we reject the defendant's contention that he was denied the effective assistance of counsel. The defendant has wholly failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's decision not to request a suppression hearing *(see, People v Rivera,* 71 NY2d 705). Accordingly, it is presumed that counsel acted competently and exercised professional judgment in declining to pursue a hearing *(see, People v Rivera, supra; People v Torres,* 183 AD2d 862). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.