■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORYDON R. UMBER, JR., Appellant. [687 NYS2d 822] —Cardona, P. J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered November 20, 1997, convicting defendant following a nonjury trial of the crimes of rape in the first degree and assault in the third degree.

Defendant allegedly struck his girlfriend (hereinafter the victim) the evening of June 4, 1997 and forced her to have sexual intercourse with him the morning of June 5, 1997. As a result, he was charged with the crimes of assault in the third degree and rape in the first degree. After trial, he was convicted of both crimes and sentenced as a second felony offender to 25 years in prison on the rape conviction and a one-year jail term on the assault conviction, said sentences to run concurrently.

Defendant appeals contending that his conviction of rape is not supported by legally sufficient evidence. In determining legal sufficiency, the evidence must be viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621; *People v Bailey*, 252 AD2d 815, 816, *lv denied* 92 NY2d 922) to ascertain whether " 'there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [trier of fact] on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged' " (*People v Fitzgerald*, 257 AD2d 679, 681, quoting *People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Miller*, 226 AD2d 833, 835, *lv denied* 88 NY2d 939). Penal Law § 130.35 (1) provides that "[a] male is guilty of rape in the first degree when he engages in sexual intercourse with a female * * * [b]y forcible compulsion". Forcible compulsion includes the use of physical force as well as threats which place one in immediate fear of death or physical injury (*see, Penal Law § 130.00 [8] [a], [b]). Notably, corroboration of a victim's statement is not required to establish rape by forcible

compulsion (*see, Matter of Dakota EE.*, 209 AD2d 782; *People v Magee*, 208 AD2d 977, 978).

In the instant case, the victim testified that, after drinking beer the evening of June 4, 1997, she accused defendant of having an affair with another woman which precipitated an argument. She stated that defendant proceeded to drive them to the home of his alleged paramour who resided with defendant's employer. The victim indicated that when she attempted to grab the steering wheel, defendant choked and punched her resulting in her sustaining a bloody nose, broken teeth and gouges to her neck. She testified that when they returned home later that evening, she went to bed and defendant stayed in the living room. She stated that the next morning defendant forced her to have sexual intercourse using his knees to push her legs apart and holding her down with his hands. She admitted that she did not reveal that she had been raped in her initial statement to the police; however, she gave a second statement a day later disclosing that defendant had raped her.

The physician's assistant who examined the victim on June 5, 1997 testified that she had swelling around her nose and head, bruising below both eyes, the right side of her neck and the anterior aspects of both arms, puffiness around her lips and contusions to the crown of her head. While a rape kit was not administered nor a full pelvic examination performed due to the delay in the victim's disclosure of the rape, the assistant testified that the bruising to the victim's arms was consistent with being held down and forcibly grabbed. In particular, she stated that the thumb-shaped bruising on the victim's arms could have been produced by someone lying on top of the victim holding her down on a bed with their full weight.

While defendant admitted to assaulting the victim, he denied the rape maintaining that the sexual intercourse was consensual. It was within the discretion of County Court, as the trier of fact, to weigh the evidence and credit the victim's testimony and the medical evidence over the testimony of defendant (*see, People v Sims*, 127 AD2d 805, 806, *lv denied* 70 NY2d 656). Inasmuch as the former provides a legally sufficient basis for a finding of guilt with respect to the crime of rape in the first degree, we find no reason to disturb the judgment of conviction. We have considered defendant's remaining contentions, including his claim that the sentence is harsh and excessive, and find them to be without merit.

Mikoll, Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.