(April 26, 2001)

■ The People of the State of New York, Respondent, v Terrence Jenkins, Appellant. [726 NYS2d 468] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Sheridan, J.), rendered February 10, 1999, upon a verdict convicting defendant of the crimes of rape in the first degree, assault in the third degree, criminal mischief in the fourth degree, petit larceny and false personation.

In the early afternoon of April 14, 1998, defendant's victim and her nine-year-old daughter returned to the victim's apartment on Elm Street in the City of Schenectady, Schenectady County to find defendant, who prior to that date had been romantically involved with the victim, in the apartment. Defendant proceeded to verbally and physically abuse the victim. The victim ran out of the apartment but was chased by defendant who caught her and, in the course of dragging her back to the apartment, swung her into a metal fence and kicked her in the side and back as she lay on the ground. This latter assault was witnessed by the victim's daughter and caused the victim to suffer painful bruises and contusions for which she was treated at a local hospital. As a result of this assault, the victim secured an order of protection from a criminal court against defendant.

On the evening of April 16, 1998, defendant came to the victim's apartment, accompanied by his cousin, to get his belongings. The victim, fearing trouble, let defendant in and eventually accompanied defendant to the bedroom while he retrieved some of his clothes. Defendant closed the bedroom

door, placed an object against the door and proceeded to verbally abuse the victim, at one point threatening to "drop her" and at another point threatening to "drop" her daughter who was in the living room. The victim interpreted defendant's threat to mean that he would kill them. Defendant then took from his pocket what the victim described as a sheetrock knife or box cutter, sliced her clothes in the closet, the sheets and mattress on the bed and directed her to disrobe. Defendant reminded the victim what he had said about her daughter, resulting in the victim agreeing to perform fellatio, which she did not complete. Defendant then made the victim turn around and take her pants down and proceeded to attempt to insert his penis in her anus without penetration, then penetrated her vagina. Defendant then left the apartment, taking a part of the telephone so that the victim could not call for help. The victim ran to her upstairs neighbor and telephoned for assistance, and she was thereafter treated at a local hospital.

As a result of these incidents, defendant was charged in a 13-count indictment with various crimes, including one count of rape in the first degree and two counts of sodomy in the first degree. In response to defendant's motion at the close of proof at his jury trial, County Court dismissed several counts of the indictment. Defendant was convicted of assault in the third degree, rape in the first degree, criminal mischief in the fourth degree, petit larceny and false personation and acquitted on two counts of sodomy in the first degree, burglary in the second degree and endangering the welfare of a child. After denying his posttrial motion to set aside the verdict (see, CPL 330.30), County Court sentenced defendant as a second violent felony offender to a determinate term of imprisonment of 17 years on the conviction for rape in the first degree and concurrent one-year and lesser definite jail sentences on the remaining convictions. Defendant appeals.

Defendant's claims of error focus solely on his conviction for rape in the first degree. He argues that his conviction for rape in the first degree and acquittal on the two charges of sodomy in the first degree was a repugnant verdict requiring reversal of his rape conviction, and that his rape conviction was not supported by legally sufficient evidence and was against the weight of the evidence.

Turning first to defendant's claim that his rape conviction was a repugnant verdict, we note that defendant admits that he failed to raise any timely objection to Supreme Court's charge regarding the rape and sodomy counts or to the allegedly inconsistent verdict which would have allowed the trial

court to take any necessary corrective measures prior to the discharge of the jury, thereby failing to preserve this issue for our review (*see, People v Alfaro*, 66 NY2d 985, 987; *People v Hildreth*, 279 AD2d 791, 793; *People v Robinson*, 258 AD2d 817, 818, *lv denied* 93 NY2d 978; *People v Fish*, 240 AD2d 866, 867, *lv denied* 90 NY2d 1011; *People v Moran*, 192 AD2d 885). Nor do we find anything in the record or County Court's charge, which required the jury to render a separate verdict on each charge submitted to it, which would compel us to consider this issue in the interest of justice (*see, People v Goodfriend*, 64 NY2d 695, 697; *see also, People v Tucker*, 55 NY2d 1).

Defendant next argues that the evidence was legally insufficient to support his conviction for rape in the first degree. Rape in the first degree, as charged here, requires proof that defendant engaged in sexual intercourse with the victim by forcible compulsion (*see*, Penal Law § 130.35 [1]). Defendant admits in his brief that there was sexual intercourse between the victim and him that evening, but argues that the People failed to establish the element of forcible compulsion.

Penal Law § 130.00 (8), in pertinent part, defines "forcible compulsion" as

"to compel by either:

"a. use of physical force; or

"b. a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself or another person."

Here, defendant had physically assaulted and injured the victim two days earlier, had destroyed her personal property minutes before the sex act took place, was holding a razor-like instrument when he directed her to disrobe, and made statements regarding "dropping" her and "dropping" her daughter who was present elsewhere in the apartment at the time; we find this sufficient to establish forcible compulsion. A court's inquiry is "not what the defendant would or could have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands'" (*People v Thompson*, 72 NY2d 410, 415-416, quoting *People v Coleman*, 42 NY2d 500, 505) and it focuses on "the state of mind produced in the victim by the defendant's conduct" (*People v Thompson, supra*, at 416). We note that, immediately after her encounter with defendant, the victim ran out of the apartment fearful for her and her daughter's safety and used the term rape in describing what happened to her. Any credibility issues created by the victim's testimony were resolved in favor of the People and are entitled

to great deference by us (*see, People v Smith*, 272 AD2d 713, 716, *lv denied* 95 NY2d 871). We also note that the record lacks any compelling evidence contradicting the victim's testimony which would render that testimony unworthy of belief as a matter of law and create a legal insufficiency in the proof (*id.*, at 716). To the contrary, we find the proof legally sufficient to establish the element of forcible compulsion and fully supports defendant's conviction for rape in the first degree (*see, e.g., People v Umber*, 260 AD2d 722, *lv denied* 93 NY2d 1006; *People v Gilmore*, 252 AD2d 742, *lv denied* 92 NY2d 925).

Finally, we find no merit to defendant's claim that the verdict convicting him of rape in the first degree was against the weight of the evidence. Our independent review of the evidence (*see, People v White*, 261 AD2d 653, 657, *lv denied* 93 NY2d 1029), together with the great deference accorded the jury's assessment and resolution of the credibility of the witnesses (*see, People v Bleakley*, 69 NY2d 490, 495), reveals that the verdict was amply supported by the record and not against the weight of the evidence.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.