■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PERAZA, Appellant. [733 NYS2d 510] —Peters, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered May 27, 1999, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), rape in the third degree (three counts), sodomy in the first degree (two counts), sodomy in the third degree (four counts) and endangering the welfare of a child.

On several occasions between September 1997 and June 1998, defendant, then aged 50, had sexual contact with a female child less than 17 years of age (hereinafter the victim). On July 6, 1998, the Town of Colonie Police Department (hereinafter the Department) received a referral from the Child Protective Hotline regarding the suspected abuse of the victim. She was subsequently interviewed by a counselor with the Juvenile Division of the Department along with Investigator Stephen Tanski. On the evening of July 8, 1998, Tanski and another officer went to defendant's home to speak with him. Defendant agreed to accompany them to the police station and, while at the station, he began to make admissions. Tanski interrupted him and administered *Miranda* warnings from memory. Defendant thereafter provided extensive, detailed information concerning his contacts with the victim and later signed a three-page confession.

On August 25, 1998, a Supreme Court Grand Jury handed up a 12-count indictment charging defendant with two counts of rape in the first degree, three counts of rape in the third degree, two counts of sodomy in the first degree, four counts of sodomy in the third degree and one count of endangering the welfare of a child. Following his arraignment in County Court, a *Huntley* hearing was held at which Tanski testified to the circumstances under which defendant's statement was obtained; County Court denied defendant's motion to suppress.

After a jury trial, defendant was convicted of all charges and was sentenced to determinate prison terms of 20 years each on

his convictions of two counts of rape in the first degree and two counts of sodomy in the first degree, 4 years each on his convictions of three counts of rape in the third degree and four counts of sodomy in the third degree, and one year in jail for his conviction of endangering the welfare of a child. All such sentences were to run concurrently, except the sentence imposed for sodomy in the first degree under the third count of the indictment for which defendant was sentenced as a second felony offender. Such term was to run consecutive to the terms previously imposed. In addition, as to the fifth count of the indictment, rape in the first degree, defendant's 20-year sentence was to run consecutive to the terms previously imposed. Defendant appeals.

We first address defendant's contention that the transfer of his indictment from Supreme Court to County Court, by order dated August 25, 1998, contravenes NY Constitution, article VI, § 11.[1] Attempting to establish that County Court lacked subject matter jurisdiction, defendant interprets this provision narrowly so as to limit County Court's jurisdiction only to those cases which "originated in such county court" (NY Const, art VI, § 11 [a]). We cannot condone such circumscribed construction. While County Court is decidedly a court of limited subject matter jurisdiction (see, People ex rel. Dold v Martin, 284 App Div 127), Supreme Court is wholly authorized to transfer an indictment to such court (see, NY Const, art VI, § 19 [a]; CPL 230.10 [a]; 22 NYCRR 200.14).

Next, defendant asserts that his written confession should have been suppressed because Tanski did not read him his *Miranda* warnings from a written form and, therefore, the People failed to meet their burden of proving that proper warnings were received before defendant waived his constitutional rights. There is no rule, statutory or otherwise, requiring that *Miranda* warnings be read to a suspect. With no dispute that oral warnings were provided, we find no error, giving proper weight to County Court's determination that the full panoply of *Miranda* warnings were, in fact, administered (see, *People v Vaughn*, 275 AD2d 484, 487, *lv denied* 96 NY2d 788).

We similarly reject defendant's contention that the People failed to present legally sufficient evidence to support one count each of rape in the first degree and sodomy in the first degree

---

1. Such constitutional provision states, in pertinent part, that "[t]he county court shall have jurisdiction over the following classes of actions and proceedings[,] which shall be originated in such county court in the manner provided by law, [including] * * * all crimes and other violations of law" (NY Const, art VI, § 11 [a]).

by failing to offer proof of "forcible compulsion" with respect to the February 1998 incidents of intercourse and deviate sexual intercourse between defendant and the victim.[2] Viewing the evidence in a light most favorable to the People (*see, People v Umber*, 260 AD2d 722, *lv denied* 93 NY2d 1006), we find that such evidence provided a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]).

To be sure, forcible compulsion is not synonymous with violence and can be inferred by events surrounding the sexual interaction between defendant and the victim (*see, People v Gonzalez*, 136 AD2d 735, *lv denied* 71 NY2d 896). Trial testimony of the victim established that on the date in question, defendant had "taken" her to his apartment and both vaginally and anally penetrated her. The victim described previous occasions where she fought him to resist going into his bedroom and that despite her protestations, he had pushed her inside and then engaged her in sexual contact. With it alleged that defendant engaged in both sexual and deviate sexual intercourse by "forcible compulsion consisting of pushing and/or pulling and/or grabbing and/or restraining [the victim]," we conclude that the victim's testimony, coupled with evidence of defendant's forcible compulsion upon her prior to the date in question, enabled a rational fact finder to conclude that she was subjected to such compulsion on this date as well.

We further find no merit to defendant's claim that the verdict convicting him of sodomy in the third degree (*see*, Penal Law § 130.40 [2]) was against the weight of the evidence. Our independent review of the evidence presented (*see, People v White*, 261 AD2d 653, 657, *lv denied* 93 NY2d 1029), coupled with deference accorded the jury's assessment and resolution of the testimony, reveals that this verdict was amply supported. Defendant also asserts that the prosecution failed to disprove the marital exemption[3] at trial. Since the victim never stated that she and defendant were not married, defendant contends that the People failed to meet their burden of proving every element

---

**2.** Forcible compulsion is defined, in relevant part, as "to compel by either * * * use of physical force; or * * * a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself" (Penal Law § 130.00 [8] [a], [b]).

**3.** "A person is guilty of sodomy in the third degree when * * * [b]eing twenty-one years old or more, he engages in deviate sexual intercourse with a person less than seventeen years old" (Penal Law § 130.40 [2]). Deviate

*(n. cont'd)*

of the crime charged beyond a reasonable doubt (see, People v Segal, 54 NY2d 58). We disagree. The victim testified that at the time she was subjected to sexual contact by defendant, he was married to another. Evidence further revealed that at the time that he committed these crimes, he resided with his wife and their two children. In our view, such testimony provided ample evidence to enable the jury to conclude that defendant was married to someone other than the victim at the relevant time.

Defendant's convictions for rape in the third degree (see, Penal Law § 130.25 [2]) must, however, be reversed. As the People concede, counts 2, 6 and 11 of the indictment, charging rape in the third degree, failed to plead the inapplicability of the marital exemption.[4] Since an indictment must contain a factual allegation of each element of the crime charged, including "an allegation that any exception set forth within the statute defining the offense is inapplicable" (People v Kirkham, 273 AD2d 509), the failure to have so pleaded the marital exception is fatal.

As to the sentence, we agree with defendant's assertion that he must be resentenced on the nonviolent convictions because County Court impermissibly imposed determinate sentences. The convictions challenged were pursuant to counts 2, 4, 6, 8, 9, 10 and 11 of the indictment. As we have determined that counts 2, 6 and 11 alleging rape in the third degree must be dismissed, we shall address the ascription of error concerning counts 4, 8, 9 and 10. On each such count, defendant was convicted of a class E felony and was sentenced by County Court as a second felony offender to determinate prison terms of four years to run concurrent with each other and with the prison terms imposed for defendant's other felony convictions. Under the circumstances presented, defendant should have been sentenced as a second felony offender to an indeterminate period of incarceration on each of the counts, which sentence should have had a maximum term of no less than three but no more than four years, with a minimum term set at one-half the maximum (see, Penal Law § 70.06 [3] [e]; [4] [b]).

Finally, addressing defendant's excessive sentence argument, we are unable to conceive of any reason to reduce the sentence

sexual intercourse is defined, in part, as "sexual conduct between persons not married to each other" (Penal Law § 130.00 [2]).

4. An individual is guilty of rape in the third degree when "[b]eing twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old" (Penal Law § 130.25 [2]).

on those convictions that have either not been sent back for resentencing or that we have not dismissed. This defendant, a 50-year-old predicate felon, repeatedly raped and sodomized a 14-year-old girl over a significant period of time. He failed to accept responsibility for his actions and now wishes this Court to reduce his sentence in the interest of justice by taking pity upon him and his family. Finding no extraordinary circumstances to modify this sentence, we decline to disturb it.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of counts 2, 6 and 11 of the indictment; said counts dismissed and matter remitted to the County Court of Albany County for resentencing on counts 4, 8, 9 and 10 of the indictment; and, as so modified, affirmed.