■ The People of the State of New York, Respondent, v Charles R. Newell, Appellant. [736 NYS2d 441] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 31, 2000, upon a verdict convicting defendant of the crimes of rape in the first degree and incest.

On November 7, 1999, the then 23-year-old victim, who is blind and mentally retarded and is the biological daughter of defendant, was visiting defendant overnight at his residence. That evening defendant had a party during which the at-

tendees drank alcohol and smoked marihuana and defendant slow danced with the victim. The victim testified that after everyone left and she had gone to bed, defendant entered her bedroom, pulled down her pants, put her finger in her vagina and told her not to move her finger or he would get mean and moody. Defendant left the room for a short time and upon his return, sat on the victim's thigh causing her to scream out. Defendant then told her to "shut up * * * to shut [her] f'ing mouth, not to tell anybody about what happened or else." She testified that he then had sexual intercourse with her, causing her to bleed and that she was afraid that defendant would hurt her "really bad" if she told anyone. Sometime later, the victim related this incident to her mother.

Defendant was thereafter indicted for the crimes of rape in the first degree and incest. Convicted on both counts after a jury trial, defendant was sentenced to a determinate sentence of imprisonment of 10 years on the rape conviction and a lesser concurrent sentence for incest. Defendant now appeals, arguing that the People's evidence was legally insufficient to establish the element of forcible compulsion and that his rape conviction should be reversed and that count of the indictment dismissed.

In determining whether a jury verdict is supported by legally sufficient evidence the reviewing court must consider "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Further, because the jury found defendant guilty, the evidence must be viewed in a light most favorable to the prosecution (*see, People v Thompson*, 72 NY2d 410, 413).

To convict defendant of rape in the first degree as charged, the People were required to prove that defendant engaged in sexual intercourse with the victim by forcible compulsion (*see,* Penal Law § 130.35 [1]). Forcible compulsion is defined, in pertinent part, as follows:

"[T]o compel by either:

"a. use of physical force; or

"b. a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself * * *." (Penal Law § 130.00 [8].)

The appellate court's inquiry focuses on "the state of mind

produced in the victim by the defendant's conduct" (*People v Thompson, supra*, at 416), not "what the defendant would or could have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands'" (*id.*, at 415-416, quoting *People v Coleman*, 42 NY2d 500, 505; *see, People v Jenkins*, 282 AD2d 926, 928, *lv denied* 96 NY2d 903).

In this case, the victim's testimony that defendant used physical force by sitting on her thigh, his threats to her prior to intercourse with her (*compare, People v Howard*, 163 AD2d 846, *lv denied* 77 NY2d 996), coupled with defendant's admission that he entered the victim's bedroom after she was in bed, explained to her how to masturbate and observed her doing so, provided legally sufficient proof from which the jury could conclude, as it did, that defendant was guilty of rape in the first degree. While defendant contradicted the victim's testimony and denied having intercourse with her, this served only to create a credibility issue and we accord great deference to the jury's conclusions regarding the credibility of witnesses and the weight to be given their testimony (*see, People v Smith*, 272 AD2d 713, 716, *lv denied* 95 NY2d 871). Additionally, we do not find the victim's testimony so contradicted by compelling evidence that it could be deemed unworthy of belief as a matter of law providing the legal insufficiency that defendant claims existed here (*id.*, at 716; *see, People v Wright*, 214 AD2d 759, 761, *lv denied* 86 NY2d 805). As the proof established all the elements of rape in the first degree,* the evidence was legally sufficient to support the guilty verdict.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* We note that at trial defendant denied having sexual intercourse with the victim, but does not assert that claim on appeal.