■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD M. DAVIS, JR., Appellant. [799 NYS2d 324]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 7, 2004, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

On the weekend of August 2, 1997, the 11-year-old victim stayed with her aunt and her aunt's boyfriend, defendant herein, while her mother and older sister attended a church conference. According to the victim, at one point during the weekend, she was running through the house, playing with her cousins, when she accidentally fell on a bed that defendant was lying on. He forcibly grabbed her with his arms and legs and she fought loose. Thereafter, she was watching a movie in the living room and fell asleep on the couch. Defendant returned home late that evening and, after finishing a beer, came over to speak to her; she pretended to be asleep. At one point, she recalled her aunt calling out to defendant to come into their room; he ignored her request. Defendant then began to touch and rub the victim. He pulled down her shorts and underwear, grabbed her back and shoulders with his hands, and said, before penetrating her, "you never felt nothing like this before."

For several years, she did not disclose the abuse. Because of behavioral problems she began to experience, which included difficulties in school, she was sent to live with her father. This precipitated her disclosure of the abuse to her older sister in September 2002. On July 31, 2003, defendant was indicted for the crime of sexual abuse in the first degree. The indictment alleged that the incident took place in May 1998. Shortly before trial, the incorrect date was discovered and a motion to amend the indictment and bill of particulars was granted over defendant's objection.

At trial, the victim testified about the abuse and added that, during the sexual contact, she did not say anything to defendant because she was afraid that he would hurt her. Testimony also revealed that he was significantly larger and no less than 20 years older than her. Convicted of sexual abuse in the first degree, defendant appeals asserting, among other things, that the prosecution failed to establish the element of forcible compulsion and that the verdict was against the weight of the evidence. We disagree.

To convict defendant of sexual abuse in the first degree, as charged, the People had to prove that he engaged in sexual contact with the victim by forcible compulsion (see Penal Law § 130.35 [1]). "Forcible compulsion" is defined, in part, as compelling another "by either . . . use of physical force; or . . . a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person" (Penal Law § 130.00 [8]). Focusing on the evidence establishing the state of mind of the victim caused by defendant's conduct, that is, "not what the defendant would or could

have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands' " (*People v Thompson*, 72 NY2d 410, 415-416 [1988], quoting *People v Coleman*, 42 NY2d 500, 505 [1977]), we consider, among other factors, the victim's age, the size and strength of the victim and defendant and the nature of their relationship (*see People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]). Upon our assessment of this evidence, we find that a different result would not have been unreasonable. Thus, we " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]) to determine whether the jury gave the evidence the weight it should be accorded. Based upon the testimony, we find that the jury could have reasonably found the element of forcible compulsion due to defendant's physical force and the victim's fear of immediate physical injury (*see People v Miller*, 226 AD2d 833, 836 [1996], *lv denied* 88 NY2d 939 [1996]).

We further find that the amendment of the date of such offense in both the indictment and the bill of particulars was proper. It neither altered the People's theory nor prejudiced defendant (*see* CPL 200.70 [1]; *People v Grimes*, 301 AD2d 953, 954 [2003], *lv denied* 99 NY2d 654 [2003]; *People v Harris*, 295 AD2d 804, 805 [2002], *lv denied* 99 NY2d 536 [2002]) in light of defendant's admission that an alibi defense was not being proffered.

Having considered and rejected defendant's remaining challenges to both the admission of expert testimony and the effective assistance of counsel, we affirm.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.