■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY C. MAGGIO, Appellant. [896 NYS2d 220].—

Stein, J. Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered June 9, 2008 in Otsego County, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree (three counts) and sexual abuse in the first degree (two counts).

In May 2007, defendant (born in 1989) was charged in an eight-count indictment with various sex crimes based upon allegations that he sexually abused the victim (born in 1993) while they rode the school bus home during 2005, 2006 and 2007. A jury found defendant guilty of three counts of criminal sexual act in the first degree and two counts of sexual abuse in the first degree. Supreme Court sentenced defendant to an aggregate term of 15 years in prison. Defendant now appeals and we affirm.

We are unpersuaded by defendant's contention that the evidence was legally insufficient and that the verdict was against the weight of the evidence with regard to the element of forcible compulsion. Defendant does not dispute that he engaged in sexual conduct with the victim, but argues that the evidence failed to establish that he compelled the victim to perform oral sex or engage in sexual conduct with him, either by physical force or by a threat that placed the victim "in fear of immediate death or physical injury to himself . . . or another person" (Penal Law § 130.00 [8] [b]). The element of forcible compulsion must be viewed through "the state of mind produced in the victim by the defendant's conduct" (*People v Thompson*, 72 NY2d 410, 416 [1988]), considering all "relevant factors includ-[ing] the age of the victim, the relative size and strength of the

defendant and victim, and the nature of the defendant's relationship to the victim" (*People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]; *see People v Scanlon*, 52 AD3d 1035, 1038 [2008], *lv denied* 11 NY3d 741 [2008]; *People v Val*, 38 AD3d 928, 929 [2007], *lv denied* 9 NY3d 852 [2007]; *People v Newell*, 290 AD2d 652, 653-654 [2002], *lv denied* 98 NY2d 712 [2002]).

The record here establishes that defendant is a six-foot tall, 240-pound man, who is four years older than the victim. Defendant first engaged the victim in a sexual conversation when the victim was just nine years old. When the victim was 12 years old, defendant "pushed into the [bus] seat and told [the victim] to pull down [his] pants." Upon the victim's refusal, defendant physically grabbed the victim's testicles and threatened to harm him. The victim testified that, as a result, he acquiesced to defendant's demands that he pull down his pants and permit defendant to touch his penis. In addition, defendant grabbed the victim's hands and placed them on defendant's penis. The victim further testified that defendant demanded and physically forced the victim to touch defendant's penis at other times and that, on at least two occasions, pulled the victim's head down and made the victim perform oral sex on him. On one occasion, defendant not only grabbed the victim's testicles, but also grabbed his arm and pinched him. On another occasion, defendant grabbed the victim's arm, leg and knee and caused him pain. According to the victim, defendant threatened to kill him and his mother if he did not comply with defendant's demands, and the victim believed those threats.

The focus with regard to the threat of harm is "not what the defendant would or could have done, 'but rather what the victim, observing [the defendant's] conduct, feared [he] would or might do if [the victim] did not comply with [his] demands' " (*People v Thompson*, 72 NY2d at 415-416, quoting *People v Coleman*, 42 NY2d 500, 505 [1977]). Thus, whether or not defendant could have actually implemented his threats immediately is not determinative (*see People v Thompson*, 72 NY2d at 416-417). Nor is the victim's failure to scream or cry out—despite the proximity of other children and/or the bus driver—dispositive (*see People v Scanlon*, 52 AD3d at 1038; *People v Smith*, 302 AD2d 677, 679 [2003], *lv denied* 100 NY2d 543 [2003]).

Here, the jury apparently discredited defendant's theory that the victim consented to the acts and credited the victim's testimony, including his allegations relating to forcible compulsion. We do not find the victim's testimony to be unworthy of

belief as a matter of law (*see People v Smith*, 272 AD2d 713, 716 [2000], *lv denied* 95 NY2d 871 [2000]), particularly in view of the testimony of clinical psychologist Robert Hamill, which explains the victim's incomplete rendition and/or inconsistent versions of the events and delay in reporting defendant's acts. Viewing the evidence in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]; *People v Roberts*, 63 AD3d 1294, 1296 [2009]) and giving them the benefit of every favorable inference (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Scanlon*, 52 AD3d at 1038), there is a valid line of reasoning supporting the jury's finding of forcible compulsion with respect to each crime of which defendant was convicted (*see* Penal Law § 130.50 [1]; § 130.65 [1]). Furthermore, upon our examination of all the credible evidence in a neutral light, we are satisfied that, while a different verdict would not have been unreasonable, the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Littebrant*, 55 AD3d 1151, 1155-1156 [2008], *lv denied* 12 NY3d 818 [2009]; *People v Davis*, 21 AD3d 590, 591-592 [2005]).

Supreme Court's *Molineux* ruling allowing the People to admit into evidence proof of uncharged crimes—specifically, sex crimes and threats against the victim that were alleged to have occurred from 2002 until the first act charged in the indictment—was not an improvident exercise of discretion. Such evidence was "admissible to develop the necessary background and complete the victim's narrative" (*People v Shofkom*, 63 AD3d 1286, 1287 [2009], *lv denied* 13 NY3d 799 [2009], *appeal dismissed* 13 NY3d 933 [2010]) in demonstrating the element of forcible compulsion and to explain why the victim did not report the abuse (*see People v Greene*, 306 AD2d 639, 642 [2003], *lv denied* 100 NY2d 594 [2003]; *People v Peraza*, 288 AD2d 689, 691 [2001], *lv denied* 97 NY2d 707 [2002]). Notably, the court repeatedly gave the jury thorough limiting instructions in order to insulate defendant from any prejudicial effect that such evidence may have had.

Nor did Supreme Court err in allowing an expert witness to testify regarding child sexual abuse accommodation syndrome. Such testimony was properly offered to provide the jury with an explanation as to why children delay in reporting sexual abuse (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Weber*, 25 AD3d 919, 923 [2006], *lv denied* 6 NY3d 839 [2006]). The expert did not opine as to whether this victim was abused, but properly confined his testimony to educating the jury on the syndrome, and defendant's counsel cross-examined Hamill

regarding the applicability of the syndrome, to the circumstances here (*see People v Weber*, 25 AD3d at 923).

We find no merit to defendant's contention that his sentence was harsh and excessive (*see People v Sidbury*, 24 AD3d 880, 881-882 [2005], *lv denied* 6 NY3d 818 [2006]) and we discern no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (*see People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Kennard*, 60 AD3d 1096, 1097 [2009], *lv denied* 12 NY3d 926 [2009]).

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.