■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. KING, Appellant. [912 NYS2d 329]—

Kavanagh, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered July 27, 2009, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), forcible touching (two counts) and endangering the welfare of a child (two counts).

In July 2008, defendant and his roommate—a risk level three sex offender—accompanied the victim, who was 11 years old at the time, to a nearby park to go swimming. According to the victim, while they were at the park, defendant consumed some beer and gave him some cigars, and then forcibly touched him on his genitals. The victim ran home, told his mother, and defendant was subsequently arrested. An indictment was later filed charging defendant with sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), forcible touching (two counts) and endangering the welfare of a child (two counts). After a jury trial, defendant was convicted as charged and sentenced to consecutive 6½-year prison terms on his convictions for sexual abuse in the first degree and six

concurrent one-year terms on the remaining six crimes, plus five years of postrelease supervision.

Defendant maintains that not all of the crimes for which he stands convicted are based on legally sufficient evidence[1] because he did not forcibly compel the victim to submit to any sexual contact and the evidence introduced at trial only confirmed that what contact he did have with the victim was incidental to a playful and consensual encounter not prompted by any desire for sexual gratification. Initially, we note that defendant failed to make a motion challenging the legal sufficiency of the evidence introduced at trial and, therefore, has not preserved this issue for appellate review (*see People v Malcolm*, 74 AD3d 1483, 1484 n [2010]; *People v Vargas*, 72 AD3d 1114, 1116 [2010], *lv denied* 15 NY3d 758 [2010]; *People v Arce*, 70 AD3d 1196, 1198 [2010]). Moreover, our review of the record leads us to conclude that the verdict convicting defendant of the crimes of sexual abuse in the first degree and second degree and forcible touching is not against the weight of the credible evidence introduced at trial (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant, as noted, claims that he did not use force in any contact he had with the victim while they were at the park. Sexual abuse in the first degree requires that it be proven that defendant subjected the victim to sexual contact by forcible compulsion (*see* Penal Law § 130.65 [1]).[2] Forcible compulsion, as it pertains to this prosecution, is defined as the "use of physical force" for the purpose of having sexual contact with the victim (Penal Law § 130.00 [8]). In determining whether forcible compulsion was employed by defendant during his encounter with the victim, all of the surrounding circumstances regarding what transpired may be considered, including "the state of mind produced in the victim by the defendant's conduct, considering . . . the age of the victim, the relative size and strength of the defendant and victim, and the nature" of their relationship (*People v Maggio*, 70 AD3d 1258, 1258-1259 [2010], *lv denied* 14 NY3d 889 [2010] [internal quotation marks and citations omitted]; *see People v Scanlon*, 52 AD3d 1035, 1038 [2008], *lv denied* 11 NY3d 741 [2008]). Here, the victim testified that defendant had been wrestling with him when defendant "tapped" the victim in his genitals and made him feel "weird."

---

1. Defendant does not claim that his conviction for two counts of endangering the welfare of a child is not supported by legally sufficient evidence.

2. Sexual contact is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]).

The victim stated that he responded to this contact by punching defendant in the leg and telling him not to touch him in that way. A short time later, according to the victim, they once again began to wrestle and defendant, at that time, pushed him to the ground and once again touched his genitals. According to the victim, both incidents occurred after defendant had made repeated efforts to forcibly remove the victim's shorts while they were swimming in a nearby pond. This contact, when viewed in the context of the entire encounter, establishes that defendant used physical force on the victim so that defendant could have sexual contact with him.[3]

Defendant also denies that his contact with the victim was motivated by a desire for sexual gratification. Sexual gratification can be inferred from the nature of the contact, as well as other evidence which, upon admission, provides a fuller explanation as to why the questionable contact, in fact, occurred (*see People v Elwood*, 62 AD3d 1046, 1047 [2009]; *People v Stewart*, 57 AD3d 1312, 1315 [2008], *lv denied* 12 NY3d 788 [2009], *cert denied* 558 US —, 130 S Ct 1047 [2010]; *see also Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]; *Matter of Jonathan F.*, 72 AD3d 963, 964 [2010]). Here, defendant's roommate testified that, prior to the incident, defendant had told him that he was sexually attracted to the victim, who lived next door. Also, the victim recalled that, while at the park, defendant stated that he wanted to use a "penis pump" on him. These statements, along with the victim's account of what transpired at the park, establish that defendant's contact with the victim was prompted by a desire for sexual gratification (*see People v Fuller*, 50 AD3d 1171, 1174-1175 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Beecher*, 225 AD2d 943, 944-945 [1996]).

Defendant also argues that the victim's trial testimony was so inconsistent with other statements he made regarding this incident as to render it incredible as a matter of law. While inconsistencies in the child's testimony undoubtedly exist, he steadfastly maintained throughout this investigation and subsequent prosecution that defendant forcibly subjected him to sexual contact while they were at the park. Moreover, none of the inconsistencies—all of which were fully developed at trial— was so significant as to warrant a wholesale rejection of the victim's testimony or justify a finding that it was incredible as a matter of law (*see People v Lopez-Aguilar*, 64 AD3d 1037, 1038 [2009], *lv dismissed* 13 NY3d 940 [2010]; *People v Borthwick*, 51 AD3d 1211, 1214 [2008], *lv denied* 11 NY3d 734 [2008]).

---

3. According to defendant's own statement, he was showing the victim defensive moves when he placed the victim in a headlock and squeezed the victim's thigh.

Nor do we agree that defendant was denied the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 146 [1981]). Throughout these proceedings, counsel made appropriate motions on defendant's behalf, effectively limited the prosecution's cross-examination of defendant regarding his prior criminal record and competently raised questions regarding the victim's credibility because of inconsistencies that existed in the statements he gave regarding what had transpired at the park. In addition, we are not unmindful that defending a person charged with molesting a child is a difficult and delicate undertaking, and counsel's efforts on defendant's behalf, given the nature of the charges pending against him, satisfy us that defendant receive meaningful representation (*see People v Fuller*, 50 AD3d at 1176; *People v De Marco*, 33 AD3d 1045, 1046 [2006]; *People v Johnson*, 24 AD3d 967, 970 [2005], *lv denied* 6 NY3d 814 [2006]).

Finally, defendant's sentence was not harsh and excessive. He stands convicted of enticing an 11-year-old child to accompany him and a known sex offender to a secluded area in a nearby park and then forcing himself upon the child for his own sexual gratification. Given defendant's criminal record, as well as his status as a risk level two sex offender, we see no reason to conclude that County Court abused its discretion in imposing this sentence and find that extraordinary circumstances do not exist that would warrant its modification (*see People v Hicks*, 55 AD3d 1138, 1142 [2008], *lv denied* 12 NY3d 758 [2009]).

Cardona, P.J., Peters, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.