■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR B. PORTER, Appellant. [918 NYS2d 670]—

Spain, J.

Late one night in October 2007, after spending the earlier hours of the evening drinking, defendant and his friend Galvin Lawton knocked on the door of an apartment in the City of Ithaca, Tompkins County awakening Joezaya Berrios, a visitor at the premises who had been sleeping on the floor of the dining room area. Berrios—who was acquainted with the men—opened the door and, after the men entered without invitation, admonished them to be quiet and then attempted to go back to sleep, approximately 10 feet from where the victim, the then-15-year-old brother of one of the apartment's residents, was sleeping on a couch. Although neither Lawton nor defendant had ever met the victim before, Lawton roused the victim and, according to the victim, forced him to perform oral sex on both Lawton and defendant. At some point Lawton began engaging in anal intercourse with the victim, whereon the victim ran upstairs and reported to his brother that he was being abused by two strangers. Defendant was later charged with—and convicted by a jury of—the crimes of criminal sexual act in the first degree, criminal sexual act in the third degree and sexual abuse in the first degree. Thereafter, defendant was sentenced as a second violent felony offender to an aggregate prison term of 10 years with 10 years of postrelease supervision. Defendant now appeals.

Initially, there is no dispute that County Court erroneously charged the jury that sexual abuse in the first degree is a lesser included offense of criminal sexual act in the first degree (*see People v Gibson*, 2 AD3d 969, 972 [2003], *lv denied* 1 NY3d 627

[2004]). The crime of sexual abuse in the first degree requires an element that is not an element of criminal sexual act in the first degree, specifically that the sexual contact be "for the purpose of gratifying sexual desire of either" the victim or the defendant (Penal Law § 130.00 [3]; *see* Penal Law §§ 130.50, 130.65; *People v Wheeler*, 67 NY2d 960, 962 [1986]). While a jury is permitted to infer sexual gratification from the circumstances of the contact and certainly could have in this case, given the evidence presented (*see People v King*, 79 AD3d 1277, 1279 [2010]; *People v Elwood*, 62 AD3d 1046, 1047 [2009]), the court's erroneous instruction permitted the jury to find defendant guilty without ever considering this element. Under these circumstances, the error is not harmless. Accordingly, although defendant failed to object to this fundamental error, we exercise our interest of justice jurisdiction and reverse his conviction of that count, vacate the sentence imposed thereon, and order a new trial on said count (*see People v Rose*, 63 AD3d 1184, 1185 [2009]; *People v Brown*, 61 AD3d 1007, 1010 [2009]; *see also People v Cordes*, 71 AD3d 912, 913 [2010]; *People v Archie*, 71 AD3d 686, 687-688 [2010], *lv denied* 14 NY3d 885 [2010]).

Defendant also asserts that his convictions of criminal sexual act in the first degree and sexual abuse in the first degree were not supported by legally sufficient evidence and were against the weight of the evidence. Specifically, defendant alleges that the People failed to prove the element of compulsion for the alleged sexual acts (*see* Penal Law § 130.50 [1]; § 130.65 [1]). Due to the victim's age, he could not legally consent to the encounter (*see* Penal Law § 130.05 [3]), but to establish the first degree crimes of which defendant was convicted, the People had to present evidence of "forcible compulsion," which means to compel either by the use of physical force—conceded by the People not to be present here—or by an implied or express threat "which places a person in fear of immediate death or physical injury to himself, herself or another" (Penal Law § 130.00 [8]). The determination of whether such an implied threat existed involves a subjective inquiry into what a victim feared a defendant might have done if he or she did not comply (*see People v Thompson*, 72 NY2d 410, 415-416 [1988]; *People v Clairmont*, 75 AD3d 920, 921 [2010], *lv denied* 15 NY3d 919 [2010]; *People v Black*, 304 AD2d 905, 908 [2003], *lv denied* 100 NY2d 578 [2003]). The inquiry must consider "all 'relevant factors includ[ing] the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim' " (*People v Maggio*, 70 AD3d 1258, 1258-1259 [2010], *lv denied* 14 NY3d 889 [2010], quoting *People v Sehn*, 295 AD2d 749, 750 [2002], *lv denied* 98 NY2d 732 [2002]).

Here, the victim, who testified that he had only spent the night a couple of times previously at his brother's apartment, was sound asleep when awakened by the two adult strangers, demanding to know whether he was a boy or a girl. The victim was barely 15 years old and 5 feet tall. The apartment was so dark that he could not see the men's faces. When the victim told them that he was a boy, Lawton then asked, in crude terms, if he engaged in oral sex. The victim told the men, both in their mid-twenties, that he only performed oral sex on boys his own age. This version of events was corroborated by the testimony of Berrios, who overheard part of the conversation.

Nevertheless, according to the victim, Lawton lifted him up from the couch by grabbing him under his arms and forced him to perform oral sex, first on Lawton and then on defendant. There is evidence that, at some point, Lawton removed the victim's pants and then engaged in anal intercourse with the victim while the victim performed oral sex on defendant. At this point, the victim told Lawton to stop because it hurt and ran upstairs to waken his brother. The victim explained his compliance with the men's demands prior to that point, testifying, "I was afraid of what would happen if . . . there's two men over you, and they tell you to do something, and you don't know what's going to happen. I did what they told me to do. I was afraid of what would happen if I didn't. I was afraid I would get hit." Viewing this evidence in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]) and giving them the benefit of every favorable inference (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that they met their burden of setting forth evidence at trial sufficient to provide a valid line of reasoning and permissible inferences to support the jury's conclusion that the victim perceived an implied threat that he would be physically harmed if he did not comply with the men's demands (*see People v Thompson*, 72 NY2d at 417; *People v Clairmont*, 75 AD3d at 923; *People v Maggio*, 70 AD3d at 1259-1260).

Furthermore, in examining all the credible evidence in a neutral light, we are satisfied that, while a different verdict would not have been unreasonable, the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Davis*, 21 AD3d 590, 591-592 [2005]). The jury clearly discredited defendant's version of events where he, while admitting to being present at the apartment, claimed that he took no part in the sexual encounter. Instead, giving due deference to the jury's opportunity to view defendant and the victim and to assess their relative physical characteristics and cred-

ibility, the jury was entitled to credit the victim's testimony and the corroborating testimony of Berrios, including the victim's assertion that, even in the absence of verbal threats, he was too afraid to resist the advances of the two adult strangers (*see People v King*, 79 AD3d at 1278-1279; *People v Clairmont*, 75 AD3d at 921-922; *People v Davis*, 21 AD3d at 591-592; *see also People v Dean*, 70 AD3d 1193, 1194-1195 [2010]) .

Defendant next contends, pro se, that as a result of intoxication, he did not possess the requisite intent for criminal liability. This contention is unpreserved. Were we to review the claim, we would find it unavailing. An intoxication charge is not warranted where, as here, defendant has failed to present "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]; *see People v Gaines*, 83 NY2d 925, 927 [1994]). Defendant testified that he had consumed beer throughout the night, but never testified to facts that would support the theory that his alcohol consumption that night had impacted his ability to form intent.

Defendant's pro se argument that County Court erred by amending the indictment to include the alternative theory of acting in concert also is without merit. It is well settled that " '[a]n indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime' " (*People v Robinson*, 53 AD3d 681, 683-684 [2008], *lv denied* 11 NY3d 794 [2008], quoting *People v Rivera*, 84 NY2d 766, 769 [1995]; *see* CPL 200.70 [1]).

Finally, despite the litany of trial errors asserted by defendant, we hold that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Richards*, 78 AD3d 1221, 1224 [2010], *lv denied* 15 NY3d 955 [2010]). Several of the errors alleged by defendant impact only his conviction of sexual abuse in the first degree and will not be addressed in light of the reversal of that conviction. As to other alleged shortcomings, defendant failed to meet his burden of " 'demonstrat[ing] the absence of strategic or other legitimate explanations' [therefor]" (*People v Baker*, 14 NY3d 266, 270-271 [2010], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). For example, although defendant asserts that counsel should have requested additional language clarifying the charge on accomplice liability, the record reveals that counsel considered such a request, but determined that it would only highlight the accomplice theory and possibly confuse the jury as to defendant's claim that he did

not participate at all in the alleged sexual acts. Under these circumstances, we cannot say that counsel's decision not to pursue the charge was without any valid strategic reason.

We have reviewed the other defects in representation, as perceived by defendant, including the failure to timely register an objection to his appearance before the grand jury in prison garb, to object to certain testimony as hearsay, to object to the in-court identification of defendant by the victim, to request a bill of particulars, to request a suppression hearing and to submit posttrial memoranda of law and ascertain no prejudicial error. Indeed, we discern no single, nor cumulative, error sufficient to deprive defendant of his right to the effective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v King*, 79 AD3d at 1280).

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is modified, as matter of discretion in the interest of justice, by reversing defendant's conviction of sexual abuse in the first degree under count three of the indictment and vacating the sentence imposed thereon; matter remitted to the County Court of Tompkins County for a new trial on said count; and, as so modified, affirmed.