■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN M. FULWOOD, Appellant. [927 NYS2d 246]—

Egan Jr., J.

While walking home from a local adult entertainment club, defendant and his then girlfriend (hereinafter the victim) became embroiled in a verbal altercation that eventually escalated to a sexual assault, during the course of which defendant, among other things, forced the victim to perform oral sex and threatened her with a knife. As a result, defendant was indicted and charged with criminal sexual act in the first degree and sexual abuse in the first degree. Following a jury trial, defendant was convicted as charged and sentenced to a prison term of 12 years followed by 20 years of postrelease supervision upon his conviction of criminal sexual act in the first degree, together with a prison term of seven years followed by 10 years of postrelease supervision upon his conviction of sexual abuse in the first degree, said sentences to be served concurrently. This appeal by defendant ensued.

We affirm. Defendant initially contends that the warrantless search of his residence violated his 4th Amendment rights and, therefore, any evidence seized therefrom should have been suppressed. As to the legality of the search, defendant did not request a *Mapp* hearing or otherwise raise this issue in his omnibus motion and, therefore, he has failed to preserve this claim for our review (*see People v Simmons*, 20 AD3d 813, 814 [2005], *lv denied* 6 NY3d 758 [2005]; *People v Williams*, 306 AD2d 763, 764 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Smith*, 266 AD2d 639, 641 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Raymond*, 187 AD2d 463, 463-464 [1992], *lv denied* 81

NY2d 793 [1993]). We reach a similar conclusion regarding the physical evidence seized from the residence, as defendant raised no objection to the admission of the challenged photographs at trial, and his sole objection regarding the admissibility of the knife was based upon an alleged break in the chain of custody (*see* CPL 470.05 [2]; *see also People v Peele*, 73 AD3d 1219, 1221 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Stearns*, 72 AD3d 1214, 1218 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Brown*, 249 AD2d 835, 837 [1998]).

Defendant next asserts that the verdict is against the weight of the evidence—particularly with respect to the element of forcible compulsion (*see* Penal Law § 130.00 [8]; § 130.50 [1]). We do not agree. As relevant here, forcible compulsion means to compel by either the use of physical force or "a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another" (Penal Law § 130.00 [8] [b]; *see People v Porter*, 82 AD3d 1412, 1413 [2011]). The focus is upon the victim's subjective state of mind, i.e., what the victim feared the defendant might have done had he or she not complied (*see People v Porter*, 82 AD3d at 1413; *People v Maggio*, 70 AD3d 1258, 1258 [2010], *lv denied* 14 NY3d 889 [2010]; *People v Jenkins*, 282 AD2d 926, 928 [2001], *lv denied* 96 NY2d 903 [2001]), giving due consideration to, among other things, the nature of the relationship between the defendant and the victim (*see People v Porter*, 82 AD3d at 1413; *People v Maggio*, 70 AD3d at 1258-1259; *People v Littebrant*, 55 AD3d 1151, 1156 [2008], *lv denied* 12 NY3d 818 [2009]), including any evidence of the defendant's prior abusive behavior toward the victim (*see People v Littebrant*, 55 AD3d at 1156; *People v Black*, 304 AD2d 905, 908 [2003], *lv denied* 100 NY2d 578 [2003]; *see also People v Fleegle*, 20 AD3d 684, 687 [2005], *lv denied* 5 NY3d 828 [2005], *cert denied* 547 US 1152 [2006]).

Here, the victim testified that, in addition to holding a knife to her throat, choking her to the point of vomiting and threatening to kill her, defendant slapped her across the face, grabbed and pulled her by her hair, picked her up and dropped her on the floor, pushed her over a couch and shoved his fingers into her anus, slammed her against a door and inserted his hand into her vagina with sufficient force to lift her up off the floor, thrust his fist into her vagina and made her perform oral sex by holding her head down to the point that she gagged. The victim further testified that defendant had hit her in the past and that when, during the course of the sexual assault, defendant raised the knife above his head, she cowered and covered her face, believing that he was about to stab her. Such proof, in our view,

is more than sufficient to establish the element of forcible compulsion (*see People v Porter*, 82 AD3d at 1414; *People v Maggio*, 70 AD3d at 1259; *People v Littebrant*, 55 AD3d at 1155-1156; *People v Jenkins*, 282 AD2d at 928). Thus, based upon our independent review of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Diotte*, 63 AD3d 1281, 1283 [2009]) and giving due deference to the jury's credibility determinations (*see People v Reynolds*, 81 AD3d 1166, 1167 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Newkirk*, 75 AD3d 853, 856 [2010], *lv denied* 16 NY3d 834 [2011]), we find that the verdict is not against the weight of the evidence.

Nor are we persuaded that defendant was denied the effective assistance of counsel. "The constitutional right to the effective assistance of counsel does not mean that the representation was error free in every respect, but simply that defendant was afforded a fair trial" (*People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008] [internal quotation marks and citations omitted]; *see People v Washington*, 21 AD3d 648, 650 [2005], *lv denied* 6 NY3d 839 [2006]). Although defendant complains that counsel failed to object to the admission of the victim's 911 tape or contest County Court's charge to the jury, he has not articulated any legitimate legal basis for objection (*see People v Cioto*, 80 AD3d 875, 876 [2011], *lv denied* 16 NY3d 829 [2011]), and counsel's failure to either make a particular pretrial motion (*see People v Jackson*, 48 AD3d at 893; *People v Miller*, 11 AD3d 729, 730 [2004]) or request that County Court charge certain lesser included offenses (*see People v Washington*, 21 AD3d at 651) does not, standing alone, constitute ineffective assistance of counsel. Inasmuch as counsel otherwise engaged in appropriate motion practice, cross-examined the People's witnesses at both the suppression hearing and trial, made appropriate objections, presented a reasonable—albeit ultimately unsuccessful—defense and gave coherent opening and closing statements, we are satisfied that defendant received meaningful representation (*see People v Richards*, 78 AD3d 1221, 1225 [2010], *lv denied* 15 NY3d 955 [2010]; *People v Major*, 68 AD3d 1244, 1246 [2009], *lv denied* 14 NY3d 772 [2010]; *People v Casey*, 61 AD3d 1011, 1014 [2009], *lv denied* 12 NY3d 913 [2009]).

Defendant's remaining contentions do not warrant extended discussion. "The failure to request submission of a lesser included charge to the jury precludes appellate review, unless such failure deprived defendant of a fair trial" (*People v Clark*, 115 AD2d 860, 862 [1985], *lv denied* 67 NY2d 941 [1986] [citations omitted]). No such showing has been made here (*see id.* at 862). Finally, absent an abuse of discretion or extraordinary cir-

cumstances warranting a reduction of the sentence in the interest of justice, a sentence that falls within the permissible statutory range will not be set aside (*see People v Appleby*, 79 AD3d 1533, 1534 [2010]; *People v Brown*, 46 AD3d 949, 952 [2007], *lv denied* 10 NY3d 808 [2008]). Notwithstanding defendant's asserted mental health and substance abuse issues, these factors do not mitigate the violent nature of defendant's crimes against the victim (*see People v Masters*, 36 AD3d 959, 960-961 [2007], *lv denied* 8 NY3d 925 [2007]). Accordingly, we discern no basis upon which to disturb the sentence imposed. Any remaining issues, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Rose, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.