■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY JONES, Appellant. [956 NYS2d 703]—

Malone Jr., J.

Defendant's contention that the jury's verdict is against the weight of the evidence is unpersuasive. We have reviewed the trial evidence, including the testimony of the victims, their mother, the police investigators, the medical staff at Planned Parenthood and the forensic scientist who conducted DNA analysis of the aborted fetus, which resulted in a 99.99% probability that defendant was the father, and have weighed it against defendant's testimony that he never had sexual contact with the victims. Viewing all of the evidence in a neutral light and according deference to the jury's assessment of witness credibility and resolution of conflicting testimony, the verdict was not against the weight of the evidence (*see People v Kruppenbacher*, 81 AD3d 1169, 1174 [2011], *lv denied* 17 NY3d 797

[2011]; *People v Stewart*, 60 AD3d 1111, 1113 [2009], *lv denied* 12 NY3d 860 [2009]).

Furthermore, we find no improvident exercise of discretion in County Court's ruling permitting the People to present evidence of prior bad acts allegedly committed by defendant against one of the victims regarding alleged sexual conduct that occurred both prior to and after the period of time charged in count 1 of the indictment. The record establishes that the court properly balanced the probative value of the evidence against its potential prejudice to defendant. The court limited the People's inquiry of defendant's conduct and also gave appropriate limiting instructions to the jury in order to insulate defendant from any prejudicial effect that the evidence may have had (*see People v Maggio*, 70 AD3d 1258, 1260 [2010], *lv denied* 14 NY3d 889 [2010]). Moreover, the record demonstrates that the uncharged conduct was not admitted to establish defendant's propensity to commit the crimes charged, but rather was "admissible to develop the necessary background and complete the victim's narrative" of the nature of the alleged abuse and its escalation (*People v Shofkom*, 63 AD3d 1286, 1287-1288 [2009], *lv denied* 13 NY3d 799 [2009], *appeal dismissed* 13 NY3d 933 [2010]; *see People v Maggio*, 70 AD3d at 1260).

We also find no abuse of discretion in County Court denying defendant's pro se CPL article 440 motion without a hearing. To the extent that defendant's claims of ineffective assistance of counsel and prosecutorial misconduct are based on information contained in the record, those issues are reviewable on direct appeal rather than on a CPL article 440 motion (*see People v Vallee*, 97 AD3d 972, 974 [2012]; *People v Stevens*, 95 AD3d 1451, 1452 [2012], *lv denied* 19 NY3d 1029 [2012]). Furthermore, notwithstanding defendant's affidavit, his claims pertaining to matters outside the record are unsupported by the requisite sworn allegations of fact (*see* CPL 440.30 [4] [d]; *People v Polanco*, 52 AD3d 947, 947 [2008], *lv denied* 11 NY3d 793 [2008]).

Finally, defendant's contentions on direct appeal challenging aspects of voir dire and the People's summation are unpreserved for our review. Defendant's remaining arguments have been reviewed and found to be without merit.

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed.